UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO A. VASQUEZ and MARIA R. VASQUEZ,<br><br>        Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, *et al.*,<br><br>        Defendants. | Civil No. 11cv462 L(WMC)<br><br>**ORDER DENYING MOTION FOR REMAND [doc. #10] and GRANTING WITH PREJUDICE MOTION TO DISMISS [doc. #4]** |

Defendant Wachovia Mortgage moves to dismiss the complaint and plaintiffs move to remand. The motions are fully briefed and are considered without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**A.   BACKGROUND**

Plaintiffs allege that they obtained a home loan in 2008 from Wachovia Mortgage, FSB, now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A. The $384,000.00 loan was secured by a Deed of Trust in favor of the lender. Plaintiffs failed to make payments on the loan and failed to qualify for a loan modification. The property was sold at a nonjudicial foreclosure sale on December 1, 2010.

This action was filed in the Superior Court of the State of California, in and for the County of San Diego on February 1, 2011. In their verified complaint, plaintiffs seek to have the

foreclosure sale set aside and to be awarded damages. Plaintiffs allege state-law claims for breach of contract, unfair business practices, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, negligent infliction of emotional distress, and fraud, that are all based upon purported violations of The Home Affordable Modification Program, HAMP, a federal loan modification program.

**B.     MOTION TO REMAND**

Plaintiffs name Wells Fargo Home Mortgage and Wachovia Mortgage FSB as defendants in this action but not Wells Fargo Bank, N.A. Accordingly, plaintiffs contend that Wells Fargo Bank, N.A. is a nonparty to this action and may not remove the action on the basis of the Court's diversity jurisdiction. Plaintiffs therefore move to remand this action based on lack of subject matter jurisdiction.

**1.     Legal Standard**

An action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Id.* "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**2.     Discussion**

Wells Fargo Bank, N.A., a citizen of South Dakota, with its main office in South Dakota, contends it is the real party in interest in this action and is the properly named defendant because Wachovia Mortgage, and Wells Fargo Home Mortgage, Inc., are divisions of Wells Fargo Bank,

N.A. and neither exists as a separate entity.[1] Federal Rule of Civil Procedure 17(a)(1) provides that "an action must be prosecuted in the name of the real party in interest."

Plaintiffs contend that they named Wachovia Mortgage, and Wells Fargo Home Mortgage in their complaint, not Wells Fargo Bank. Thus, Wells Fargo Bank is not a party to this action and may not act to remove the action to federal court on the basis of diversity jurisdiction because it is not the real party in interest. They further argue that Wells Fargo Home Mortgage is a California corporation that was incorporated in California, thereby defeating diversity jurisdiction. But as plaintiffs must acknowledge, Wells Fargo Home Mortgage was "merged out" according to documents on file with the California Secretary of State and ceased to exist as a separate entity. Nevertheless, plaintiffs contend that "merger is not the appropriate term since the corporation continued to use the name Wells Fargo Home Mortgage." Motion to Remand at 3. Accordingly, "it is plaintiff's choice which entity to sue, the surviving entity or the corporation which is winding up here, plaintiffs have chosen to sue Wells Fargo Home Mortgage, Inc. – the California Corporation." *Id*.

Plaintiffs' contention is without factual or legal basis. Wells Fargo Home Mortgage, Inc. merged into Wells Fargo Bank, N.A. on May 8, 2004, and ceased to exist as a separate entity. Similarly Wachovia Mortgage ceased to exist as a separate entity and became a division of Wells Fargo Bank on November 1, 2009. Plaintiffs should have recognized, based on the documents they submitted for judicial notice, that Wells Fargo Home Mortgage, Inc. is a division of Wells Fargo Bank and Wells Fargo Bank is the real party in interest. Further, in their Complaint, plaintiffs set forth Count One as "Breach of Contract by **Wells Fargo Bank**." Complaint at 12 (emphasis added). Plaintiffs knew that the proper party is Wells Fargo Bank.

Because neither Wells Fargo Home Mortgage, Inc. nor Wachovia Mortgage exists in any form that would give rise to legal liability, their citizenship is of no consequence when considering the Court's diversity jurisdiction. *See Kolker v. VNUS Medical Technologies, Inc.*, 2010 WL 3059220, *4 (N.D. Cal. Aug. 2, 2010).

---

[1] The Court takes judicial notice of the exhibits attached to defendants' reply in opposition to motion to remand.

Based on the foregoing, plaintiffs' motion to remand will be denied.

**C.     MOTION TO DISMISS**

   **1.     Legal Standard**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir .1988). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft v. Iqbal* 129 S. Ct 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(A complaint cannot survive a motion to dismiss unless it provides "sufficient factual matter, . . . to 'state a claim to relief that is plausible on its face.'"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

Further, as a general rule, the court may not consider materials beyond the pleadings in ruling on a Rule 12(b)(6) motion but an exception to this general rule is that a "court may take judicial notice of matters of public record . . . as long as the facts noticed are not subject to reasonable dispute." *Skilstaf, Inc. v. CVS Caremark Corp.*, 2012 WL 400369, *16, n.9 (9th Cir. 2012)(citing *Intri–Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir.2007) (citation and internal quotation marks omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

### 2. HAMP

The Home Affordable Modification Program, HAMP, is a loan modification program designed to reduce delinquent and at-risk borrowers' monthly mortgage payments. Under HAMP, individual loan servicers voluntarily enter into contracts with Fannie Mae, acting as the financial agent of the United States, to perform loan modification services in exchange for certain financial incentives. Wells Fargo entered into the HAMP agreement.

Under the terms of the HAMP agreement and Treasury regulations, Wells Fargo is required to evaluate borrowers for loan modifications within thirty days, grant loan modifications to qualified borrowers, forebear from foreclosure during the time that an application for a loan modification is pending, and advise loan modification applicants of the prohibition on foreclosure sales. The servicer's obligations are set forth in the Servicer

Participation Agreements ("SPA"), as well as in Program Guidelines established by the Department of the Treasury. *See Villa v. Wells Fargo Bank, N.A.*, 2010 WL 935680, at * 1 (S.D.Cal. Mar.15, 2010); *see also Escobedo v. Countrywide Home Loans, Inc*., 2009 WL 4981618, at *1 (S.D. Cal. Dec.15, 2009). Participating servicers are required to consider all loans eligible under the program; however, they are not required to modify mortgages. *See Escobedo*, 2009 WL 4981618, at *2; *see also Hoffman v. Bank of Am., N.A.*, 2010 WL 2635773, at *4 (N.D.Cal. June 30, 2010)

Plaintiffs allege defendants violated HAMP regulations because plaintiffs had applied and were eligible for a loan modification and the foreclosure sale occurred during the pendency of the modification application.

"Numerous district courts within the Ninth Circuit have ruled that there is no express or implied private right of action to sue lenders or loan servicers for violation of HAMP." *Cleveland v. Aurora Loan Serv., LLC, et al.*, No. 11–0773, 2011 WL 2020565, at *4 (N.D. Cal. May 24, 2011) (collecting cases); *see also Carlos v. Bank of Amer. Home Loans, et al.*, No. 10–1966, 2011 WL 166343, at * 1 (C.D. Cal. Jan.13, 2011) ("[I]t is well established that there is no private cause of action under HAMP" (quoting *Singh v. Wells Fargo Bank*, 2011 WL 66167 at *7 (E.D.Cal. Jan.7, 2011)) (quotation marks omitted)). Because plaintiffs have no private right of action against defendants under HAMP, and all of their claims are predicated on allegations that defendants violated HAMP regulations or denied plaintiffs a loan modification or foreclosed upon the property when a HAMP modification was pending, plaintiffs' complaint must be dismissed with prejudice.

Because amendment of the complaint based upon alleged HAMP violations would be futile, leave to amend will not be granted.

**D. Conclusion**

Based on the foregoing, **IT IS ORDERED:**

1. **Denying** plaintiffs' motion for remand;

///

///

1  2.  **Granting** defendants' motion to dismiss with prejudice; and

2  3.  **Directing** the Clerk of the Court to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 22, 2012

_M. James Lorenz_
United States District Court Judge

COPY TO:

HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL